UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Guy Israel Greene, | Case No. 14-cv-3458 (JRT/TNL) |
| Plaintiff, | |
| v. | ORDER |
| Brian Ninneman, et al., | |
| Defendants. | |

Plaintiff Guy Israel Greene, a client of the Minnesota Sex Offender Program ("MSOP"), has applied for *in forma pauperis* ("IFP") in this litigation. *See* ECF No. 2. On review of the IFP application, this Court concludes (1) that Greene was a "prisoner" when he commenced this action for purposes of 28 U.S.C. § 1915; and (2) that because Greene was a prisoner, he must pay the $350.00 statutory filing fee for this action in installments over time, including an initial partial filing fee paid at the outset of this case.

Under § 1915(b),

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

1

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for,

violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." Generally, MSOP clients are excluded from this definition of "prisoner": Although "detained" in a "facility," the typical MSOP client has not been "accused of, convicted of, sentenced for, or adjudicated delinquent for" a violation of the criminal law and is instead detained wholly pursuant to civil, rather than criminal, statutes. Accordingly, the provisions of § 1915(b) requiring payment of the filing fee (regardless of IFP status) do not usually apply to MSOP detainees. *See also Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001).

Greene, however, is an exception to that usual rule. At the time he commenced this action, Greene stood accused of criminal offenses in Minnesota state court. *See State v. Greene*, No. 09-CR-14-1518 (Minn. Dist. Ct.). Greene therefore met the definition of "prisoner" provided in § 1915(h): He was a "person" who was "detained in any facility" and who was "accused of . . . violations of criminal law . . . ." *See, e.g.*, *Guerrero v. So*, No. 3:20-cv-1117 (GPC/MSB), 2020 WL 6449194, at *2-3 (S.D. Cal. Nov. 3, 2020). And because Greene was a prisoner within the meaning of § 1915(h) when he commenced this action, the requirements of § 1915(b) apply to him. Accordingly, should Greene elect to prosecute this action, he will be required to pay the $350.00 filing fee for this matter in installments over time. Moreover, he must submit the first of those installments — the initial partial filing fee — before the summons is issued in this matter.

The trust account documentation submitted by Greene at the time he commenced this action shows that the amount of his average monthly deposits during the preceding six-month period was $60.00, while his average balance during the same period was $30.00.

*See* ECF No. 2 at 6. Because the deposits amount exceeds the balance amount, Greene's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20% of the average deposits amount, or $12.00. This action will not go forward until Greene's initial partial filing fee of $12.00 has been paid in full. If Greene elects to pursue this action through payment of the $12.00 initial partial filing fee, <u>the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments</u>. Facility officials will be ordered to deduct funds from Greene's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Greene succeeds in this action. If Greene does not pay his initial partial filing fee **within 21 days of the date of this order**, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, due to the substantial amount of time that had passed while this matter was stayed, Greene was directed to provide a notice of his intent to continue prosecuting this lawsuit following the lifting of the stay, with failure to provide the necessary notice of intent resulting in dismissal of this action without prejudice for failure to prosecute. *See* ECF No. 17. Greene responded to the order with a motion *not* to dismiss this action. *See* ECF No. 18. A motion was not strictly necessary — any statement from Greene that he intended to prosecute this matter would have sufficed — but, in any event, this matter will not be dismissed for failure to prosecute. Greene's motion will therefore be granted.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Guy Israel Greene must submit an initial partial filing fee of $12.00 **within 21 days of the date of this order**, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.

2. Greene's motion to prosecute [ECF No. 18] is **GRANTED**.


Dated: October  5 , 2022				  *s/ Tony N. Leung*
						Tony N. Leung
						United States Magistrate Judge
						District of Minnesota


						*Greene v. Ninneman et al.*
						Case No. 14-cv-3458 (JRT/TNL)